Elijah Brown, Petitioner *v.* Commonwealth of Pennsylvania Board of Probation and Parole, Respondent.

598

Submitted on briefs before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, December 29, 1982:

On November 20, 1980, Mr. Elijah Brown's parole was revoked by the Board of Probation and Parole (Board) because of new convictions and the violation of certain conditions of his parole. In his amended petition for review in our appellate jurisdiction, Mr. Brown contends that the Board's order should be set aside because 1) he was not represented by counsel at the revocation or violation hearings notwithstanding the fact that he requested counsel and 2) both his violation and revocation hearings were untimely held.

As we said recently in an unreported memorandum opinion, *Stevenson v. Board of Probation and Parole*, (No. 181 Misc. Dkt. No. 3, filed October 20, 1982), this Court must have a record for meaningful review, that the record must consist of the matters set forth in Pa. R.A.P. 1951(a) and that it is the Board's duty to furnish an adequate record. In the instant case, the Board has filed what it denominates as a "Certification of the Record." Counsel for the Board refers in his brief to certain parts of the record. In fact, the "record" consists of copies of certain correspondence, a copy of an order of this Court (directing Mr. Brown to pursue his administrative remedies) and a certificate of the Chairman of the Board reciting the chronological events noted in the Board's records relating to Mr. Brown together with certain narrative comments which cannot be verified by us because there is no transcript of what actually occurred at any of the hearings afforded Mr. Brown by the Board.

A parolee's right to counsel at parole violation and revocation hearings is now settled. *Rambeau v. Rundle*, 455 Pa. 8, 17, 314 A.2d 842, 847 (1973); *Commonwealth v. Tinson*, 433 Pa. 328, 334, 249 A.2d 549, 552 (1969).

Initially, we are confronted by a factual dispute which we cannot resolve because we have an inadequate record. It appears that Mr. Brown was given a revocation hearing and a preliminary violation hearing on July 24, 1980. Item 9 of the Chairman's certificate states that Mr. Brown was represented by counsel at that hearing. Mr. Brown's brief states that he was not. In the absence of a transcription of what actually occurred at that hearing, we cannot provide meaningful review. Only a remand for a rehearing will supply the deficiency.

Concerning the violation hearing on October 23, 1980, we are well satisfied that the Board's action in

proceeding with its full Board violation hearing on that date without counsel being present to represent Mr. Brown in spite of his request for such counsel, was error. According to the Chairman's certificate, Mr. Brown asked for a continuance until counsel could be present and the Board denied that request. While the matter of granting continuances is normally a discretionary act of the adjudicatory body which will not be disturbed in the absence of an abuse of that discretion, we believe that the matter of representation by counsel at a parole hearing is of such critical importance that the Board proceeds at its peril when it conducts a hearing where the person entitled to counsel requests counsel but is not represented at the hearing. The Board argues that it told Mr. Brown he could have a de novo hearing if he requested one but that he never made such a request. That, in our opinion, does not cure the error.

With respect to the entire issue of lack of counsel, the Board notes that in his request for an administrative hearing, Mr. Brown did not mention the absence of counsel as a reason in support of that request. It is true that the absence of counsel is not mentioned in that request. The Board argues, therefore, that this issue has been waived.[1] 37 Pa. Code §71.5(h) states that one applying to the Board for review and relief should set forth specifically the grounds upon which the application is based. The Board's regulations are also very specific about what shall happen when a parolee requests counsel at a violation hearing. 37 Pa. Code §71.4(5)(iv). The Board has supplied no written waiver of the right of counsel as required by its own regulation. While the regulation we have previously cited does state that an applicant should set forth the

---

[1] *Canonsburg General Hospital v. Department of Health*, 492 Pa. 68, 422 A.2d 141 (1980), cited by the Board, is inadequate to support that argument.

specific grounds for review, the regulation does not say that a failure to so specify shall constitute a waiver of the issue. We will hold that a petitioner's failure to note lack of counsel as grounds for administrative review does not constitute a waiver of the issue where the petitioner proceeds pro se in the preparation of his application for review and where no written waiver of counsel appears in the record submitted for appellate review.

Mr. Brown's second issue concerns the timeliness of his hearings. The Board has adopted regulations pertinent to the proceedings now before us. 37 Pa. Code §71.2 sets forth the procedures applicable where a violation of parole conditions is alleged; 37 Pa. Code §71.3 sets forth the procedures where there has been an arrest for a new criminal offense; and 37 Pa. Code §71.4 sets forth the procedures where there has been a conviction for a new criminal offense. In dealing with the issue raised by Mr. Brown we are not severely handicapped by the lack of an adequate record because the statement of facts in Mr. Brown's brief is substantially the same as the events chronicled in the Chairman's certificate.

Very briefly, it appears that Mr. Brown was paroled on March 27, 1976 from his original sentences. He was arrested on new charges in Delaware County and in Philadelphia in 1978 but posted bail in each case. In June of 1978 he was arrested on new charges in South Carolina but again was released on bond. In August of 1978 he was arrested in South Carolina on the Board's warrant. He pled guilty to the South Carolina charges in November of 1978 and was returned to the Delaware County Prison on March 24, 1979. He pled guilty on the Delaware County charges and was returned to South Carolina on June 25, 1979 to complete his sentence there. He was not returned to a state correctional institution in Pennsylvania

until July 9, 1980. As we have noted, he was afforded his revocation hearing on July 24, 1980 and his violation hearing on October 23, 1980.

Concerning revocation hearings where there has been a conviction for a new offense, the appropriate regulation is 37 Pa. Code §71.4(2) which provides that such hearing shall be held within 120 days from the date the Board verifies the conviction *unless* the parolee is confined outside the jurisdiction of the Bureau of Corrections in which event, the 120 day period commences when the parolee has been returned to a state correctional facility. It readily appears in the instant case that the Board did conduct a timely revocation hearing on the Delaware County and South Carolina convictions when the time Mr. Brown was in South Carolina is excluded.[2] At the July 24 hearing, Mr. Brown was also given a preliminary hearing on the violation of his parole conditions. 37 Pa. Code §71.2 (11) requires that the parolee be afforded a violation hearing within 120 days of the preliminary hearing. From July 24, 1980 to October 23, 1980 is 91 days.

---

[2] The calculations are as follows:

Conviction in South Carolina November 16, 1978 but not returned to Pennsylvania until March 24, 1979. Returned to South Carolina June 25, 1979. Returned to State Correctional Institution in Pennsylvania July 9, 1980. Hearing July 24, 1980.

March 24, 1979 to June 25, 1979 = 93 days
July 9, 1980 to July 24, 1980 = 15 days

_____

108 days

Conviction in Delaware County April 23, 1979. Returned to South Carolina June 25, 1979. Returned to State Correctional Institution in Pennsylvania July 9, 1980. Hearing July 24, 1980.

April 23, 1979 to June 25, 1979 = 63 days
July 9, 1980 to July 24, 1980 = 15 days

_____

78 days

Clearly, the hearing was within the time limitations fixed by the Board's regulations. *Morrissey v. Brewer,* 408 U.S. 471 (1972) requires that such hearings be held within a reasonable time to satisfy the constitutional mandate of due process of law. We think the Board's regulations satisfy that requirement and that the requirement was met in the instant case.

Mr. Brown's equal protection argument also references the Board's regulations. 37 Pa. Code §71.4(2) (i) excludes the time a parolee is confined in an out of state institution or a county correctional institution in determining when the 120 day limitation shall commence. It is argued that this procedure differs from that afforded parolees who are not so confined. Of course it does, and it should. A parole violator's loss of liberty does not occur until the parolee is taken into custody under a parole violator's warrant. *Moody v. Daggett,* 429 U.S. 78 (1976). Where a parolee is confined pursuant to the warrant of another jurisdiction, county or out of state, then the parolee's liberty has not been revoked by action of the Board. Where a parole violator is arrested on a Board's warrant but the violator is beyond the jurisdiction of the Board, as in the instant case, the Board cannot be penalized for failure to exercise its jurisdiction. The Board has no responsibility to or for the violator until it has jurisdiction over him in a state correctional facility. *Harris v. Pennsylvania Board of Probation and Parole,* 38 Pa. Commonwealth Ct. 391, 393 A.2d 510 (1978). This does not constitute unequal protection of the laws; rather, the procedures recognize the jurisdictional prerogatives of all those governmental units who may be interested in the parole violator without prejudicing the rights of the violator. The violator has no constitutional right to compel different units of government to act upon his transgressions when they lack jurisdiction to do so.

604

Order reversed in part and affirmed in part.

ORDER

It is ordered that the order of the Board of Probation and Parole revoking the parole of Elijah Brown be vacated and remanded for a re-hearing provided, nevertheless, that insofar as the Board's order upholds the timeliness of its hearings on July 24, 1980 and October 23, 1980, the same is affirmed.