John A. Ruza, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs March 10, 1983, to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Dennis Woody,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General for respondent.

OPINION BY JUDGE CRAIG, April 19, 1983:

Petitioner John Ruza, after obtaining parole from a 1975 sentence for arson, was convicted on July 29, 1981 of robbery in the Court of Common Pleas of Delaware County. On September 29, 1981, sixty-two days after the conviction date, the Pennsylvania Board of Probation and Parole held a full board violation and revocation hearing on Mr. Ruza's case. The board properly postponed the proceeding because he had no counsel and made clear his desire to be represented.

Under *Commonwealth ex rel. Rambeau v. Rundle,* 455 Pa. 8, 17, 314 A.2d 847 (1973), there is no doubt that the petitioner is entitled to representation by counsel at such a hearing, but the respondent board does not have the duty to obtain counsel. *Passaro v. Board of Probation and Parole,* 56 Pa. Commonwealth Ct. 32, 424 A.2d 561 (1981).

At a rescheduled hearing on October 27, 1981, petitioner again requested counsel. Although he still had not obtained counsel, the board proceeded with the hearing, without the petitioner's participation, and imposed backtime. Under *Rambeau* and *Passaro,* the board erred in proceeding without counsel. Where that has occurred, we have remanded for a rehearing. *Brown v. Booard of Probation and Parole,* 70 Pa. Commonwealth Ct. 597, 453 A.2d 1068 (1982).

In this case, the board apparently recognized its error because it granted petitioner another hearing on August 4, 1982, at which time the petitioner did have the benefit of representation by counsel.

Petitioner now raises the contention that the imposition of backtime was a nullity because the hearing

which ultimately proceeded with the benefit of counsel was not held until more than a year after his conviction, thus, in the petitioner's view, violating the board's own regulation, 37 Pa. Code §71.4, which requires that such a hearing "shall be held within 120 days from the date the Board received official verification of the . . . guilty verdict. . . ."

We conclude that the board complied with the regulation by affording the first hearing opportunity sixty-two days after the date of conviction. As we noted in *Passaro,* the responsibility to provide counsel devolves upon the county of incarceration. We cannot nullify the board's proceedings for untimeliness where the delay resulted from a matter outside the board's responsibility. Having satisfied its obligation with respect to the scheduling of a hearing, the board was obliged not to proceed until counsel had been provided; having nevertheless done so, the board was then obliged to provide a rehearing, which it did.

The petition must be dismissed.

ORDER

Now, April 19, 1983, petition is dismissed.