James Emmi, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs before Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Robert A. Greevy,* Chief Counsel, with him *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, June 2, 1983:

The petitioner, James Emmi, was arrested in Montgomery County on charges of larceny and receiving stolen goods, and was subsequently convicted of these charges. On April 18, 1973 he was sentenced to a term of one to three years and ten months, at a state institution, with a minimum date of May 20, 1973 and a maximum date of March 20, 1976. He was paroled from this sentence (Montgomery County sentence) on July 13, 1973.[1]

Subsequently, he was convicted of theft in Delaware County and, on January 24, 1979, he was sentenced to a term of two to four years in the Delaware County Prison (Delaware County sentence). On April 23, 1979, the Board paroled the petitioner from the Delaware County sentence to serve additional time on the Montgomery County sentence, upon which he had been recommitted, and he was again reparoled on the Montgomery County sentence on August 29, 1980.

Again, while under parole supervision, the petitioner was arrested on charges of theft by unlawful taking, aggravated assault and burglary, and, on July 6, 1981, he was sentenced to a term of three to ten years to be served in a state correctional institution.

The petitioner had been confined in the Delaware County Prison until July 8, 1981 at which time he was

---

[1] While under parole supervision, he received a new conviction and was sentenced to less than two years. After recommitment by the Board on the basis of this new conviction, his maximum term on the Montgomery County sentence was modified to read June 2, 1981. He was then reparoled by the Board on the Montgomery County sentence.

This conviction and sentence are not at issue in this case, however, and are merely noted for the effect that they had on the modification of the maximum date on the Montgomery County sentence.

transferred to the State Correctional Institution at Graterford (Graterford). The Board of Probation and Parole (Board) held a full board violation and revocation hearing at Graterford on October 28, 1981. At this hearing, the petitioner's counsel objected to the timeliness of the hearing as being beyond the 120-day period allowed by 37 Pa. Code §71.4(2); the Board, however, overruled this objection. On November 19, 1981, the Board ordered the petitioner recommitted when available to serve his unexpired terms on both the Montgomery County sentence and the Delaware County sentence.

The petitioner argues first that the Board's regulations at 37 Pa. Code §71.4(2)(i), which excludes the time a parolee is confined in a county institution in determining when the 120-day limitation shall commence, violates the equal protection of the law. We have squarely addressed this issue in *Brown v. Pa. Board of Probation and Parole,* 70 Pa. Commonwealth Ct. 597, 453 A.2d 1068 (1982), where we held that this regulation does not constitute a violation of equal protection, reasoning that:

A parole violator's loss of liberty does not occur until the parolee is taken into custody under a parole violator's warrant. Moody v. Daggett, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed. 2d 236 (1976). Where a parolee is confined pursuant to the warrant of another jurisdiction, county or out of state, then the parolee's liberty has not been revoked by action of the Board. Where a parole violator is arrested on a Board's warrant but the violator is beyond the jurisdiction of the Board, as in the instant case, the Board cannot be penalized for failure to exercise its jurisdiction. *The Board has no responsibility to or for the violator until it has juris-*

*diction over him in a state correctional facility.*
Harris v. Pennsylvania Board of Probation and
Parole, 38 Pa. Commonwealth Ct. 391, 393
A.2d 510 (1978). This does not constitute un-
equal protection of the laws; rather, the pro-
cedures recognize the jurisdictional preroga-
tives of all those governmental units who may
be interested in the parole violator without
prejudicing the rights of the violator. The
violator has no constitutional right to compel
different units of government to act upon his
transgressions when they lack jurisdiction to do
so. (Emphasis added.)

*Id.* at 603, 453 A.2d at 1071-72. The petitioner was
confined in the Delaware County Prison until July 8,
1981, and this time was properly excluded from the
computation of the 120-day-limitation. *Brown.* In-
asmuch as he was transferred to Graterford on July
8, 1981, and the full board hearing was held on Octo-
ber 28, 1981, the hearing was clearly timely.

The petitioner argues next that the Board erred
in determining that he must first serve his *new* sen-
tence of July 6, 1981 before serving the unexpired
terms from his Montgomery County sentence and
Delaware County sentence, citing Section 21.1 of the
Act of August 6, 1941 (Act), P.L. 861, added by the
Act of August 24, 1951, P.L. 1401, *as amended,* 61
P.S. §331.21(a) which provides in pertinent part:

(a) Convicted Violators.

. . . .

If a new sentence is imposed upon such
parolee, the service of the balance of said term
originally imposed shall precede the commence-
ment of the new term imposed in the following
cases:

(1) If a person is paroled from any State penal or correctional institution under the control and supervision of the Department of Justice and the new sentence imposed upon him is to be served in any such State penal or correctional institution.

(2) If a person is paroled from a county penal or correctional institution and the new sentence imposed upon him is to be served in the same county penal or correctional institution.

In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

Inasmuch as the unexpired term from the Montgomery County sentence involved parole from a *state* correctional institution, and his new sentence is to be served in a *state* correctional institution, the petitioner contends that Section 21.1(a)(1) of the Act requires that the service of the balance of the Montgomery County sentence "shall precede the commencement of the new term imposed."

The Board argues, on the other hand, that the new sentence must be served prior to the unexpired terms from *both* the Montgomery County sentence and the Delaware County sentence because "the sentence served in the Delaware County Prison is the controlling sentence." The Board reasoned that the petitioner "is to be recommitted *primarily* on the Delaware County sentence "because it has the longer maximum term of two years as opposed to nine months and three days left on the unexpired Montgomery County sentence."

The Board, unfortunately, has failed to offer any support for its position, and our careful research has

failed to reveal any support for the Board's position. We note that the Act explicitly sets forth the order in which different sentences shall be served, and we are mindful of the polestar of statutory construction which provides that "every statute shall be construed, if possible, to give effect to all its provisions". Section 1921 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921.

The provisions in the Act relating to the order of serving the sentences are not contradictory, and they do not preclude giving effect to *both* provisions. Thus, inasmuch as the petitioner was paroled from a state correctional institution for the Montgomery County sentence and the new sentence is to be served at a state correctional institution, service of the unexpired term of that sentence must precede commencement of the new term imposed. Section 21.1 of the Act. And, because the petitioner was paroled from a county prison for the Delaware County sentence, and the new sentence is to be served at a *state* institution, the service of the new term must precede commencement of the service of the unexpired term on the Delaware County sentence. *Id.* We agree with the petitioner, therefore, that the Board erred in directing that the new sentence be served before the unexpired term from the Montgomery County sentence.

Finally, the petitioner argues that because the Board erred in determining the order in which the sentences must be served, it has somehow waived its jurisdiction over him as to the unexpired term of the Delaware County sentence, inasmuch as the maximum date on that sentence was October 23, 1981, which has already passed. The date of his last arrest, however, was February 23, 1981, and at that time he was undoubtedly under parole supervision for the Delaware County convictions. We also note that the

560

Board's error in determining the order of the sentences did *not* involve the Delaware County sentence, rather, the error concerned *only* the Montgomery County sentence. The petitioner's argument on this issue is consequently without merit.

We will remand this matter to the Board for proceedings consistent with this opinion with regard to the order in which the sentences must be served.

ORDER

AND Now, this 2nd day of June, 1983, the order of the Board of Probation and Parole in the above-captioned matter is hereby reversed and the matter remanded to said Board for proceedings consistent with this opinion.

Jurisdiction relinquished.