547 A.2d 449

Gary Obringer, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs March 21, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Robert W. Beckwith,* Appellate Counsel, with him, *Lester G. Nauhaus,* Public Defender, and *John H. Corbett, Jr.,* Chief, Appellate Division, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BLATT, August 5, 1988:

Gary Obringer[1] (petitioner) petitions for our review of denial by the Pennsylvania Board of Probation and Parole (Board) of administrative relief by its order mailed on December 3, 1987. We will affirm.

The petitioner was arrested for burglary in 1979 and was sentenced to serve one to five years in prison. He

---

[1] There appears to be some confusion as to whether the petitioner's name is spelled "OBringer" or "Obringer". Both forms are to be found in the record.

began serving this sentence on November 2, 1983. His original maximum expiration date, therefore, was November 2, 1988. He was paroled on November 2, 1984. While on parole, he was arrested four times for new criminal offenses on November 8, 1985, December 11, 1985, December 13, 1985 and February 4, 1986.[2] He was found guilty on June 4 and June 25 of 1986 and was ultimately sentenced to serve a term of one and one-half to three years.

The petitioner was charged by the Board with a technical violation for violating condition number 3b of his parole by failing to notify his parole agent of his arrest within 72 hours. A preliminary hearing was held on January 16, 1986, after which it was determined that probable cause was established on the technical violation. The petitioner's violation hearing was subsequently held on February 20, 1986. On April 21, 1986, the Board ordered the petitioner to be recommitted as a technical parole violator to serve six months backtime when available.[3] The Board's decision of May 8, 1987 reads as follows:

> Refer to Board action of 3-18-86—recommitment as a technical parole violator to serve 6 months backtime when available; and now continue on parole with prejudice with regard to the convictions of 6-4-86 and 6-25-86.

On August 27, 1987, the petitioner was paroled from his new sentence to Board detainer to begin serving his backtime. This decision, which was dated No-

---

[2] The petitioner's arrest on December 11, 1985 was for default on required appearance. The offense of February 4, 1986 was apparently committed while the petitioner was being held pending determination of the prior criminal charges. He was incarcerated on December 13, 1985.

[3] This decision was recorded on March 18, 1986 and mailed on April 23, 1986.

vember 3, 1987, also noted that he was to be reparoled on February 27, 1988 and that his new parole violation maximum date would be July 16, 1990. On November 18, 1987, the petitioner filed a Request for Administrative Relief with regard to the November 3, 1987 decision, in which he challenged the recomputation of his maximum time from November 2, 1988 to July 16, 1990. He argued that this recomputation had the effect of revoking his parole.

The Board's denial of this request, mailed on December 3, 1987, explains that the petitioner's maximum time was recomputed because he cannot be credited for the period of time during which he was delinquent on parole, citing Section 21.1 of the "Parole Act" (Act), Act of August 6, 1941, P.L. 861, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended*, 61 P.S. §331.21a. The Board explained the recomputation as follows:

> Your original maximum expiration date was 11-2-88. Your good standing on parole was terminated on 12-13-85. This meant that you had two years, ten months, 19 days remaining on your original sentence at that point. If you will add that time to 8-27-87, you will find that your new maximum expiration date is 7-16-90. You began service of your back parole time on 8-27-87, and will be reparoled on 2-27-88, upon the condition there are no misconducts.

Original Record at 1.

The petitioner raises four interrelated issues before this Court.[4] The first is whether the Board erred by "extending" his parole time without holding a final revocation hearing, thereby denying him due process of law.

---

[4] The first three issues are raised and addressed in the petitioner's pro se petition for review and are incorporated by reference into his brief.

A "revocation hearing" is required before a parolee may be recommitted as a convicted violator. 37 Pa. Code §71.4. it is defined at 37 Pa. Code §61.1 as, "[a] hearing held to determine whether a parolee should be recommitted as a convicted violator." In contrast, a "violation hearing" is defined as "[a] hearing held to determine whether a parolee should be recommitted as a technical violator." 37 Pa. Code §61.1. *See also* 37 Pa. Code §71.2 (procedure for violation of parole conditions). The petitioner was charged only as a technical violator, not as a convicted violator. Under these circumstances, a "revocation hearing" was not necessary, and the proper procedure was followed by holding the preliminary and violation hearings.

Secondly, the petitioner contends that the Board erred by stopping and extending his parole time in contravention of their order of May 8, 1987, quoted above. After reading this order, we find that we cannot determine what the Board meant by it. In fact, the Board does not address this issue in its brief nor in its denial of administrative relief. Regardless of the intention behind this order, however, the action which the Board took by holding the petitioner's parole in abeyance until he had served his new criminal sentence was proper and within its authority.

The next issue raised is whether the Board properly applied its own "regulations" by having the petitioner serve his new sentence before serving his backtime. The petitioner specifically refers to Section 21.1(a)(1) of the Act, 61 P.S. §331.21a(a)(1) and *Emmi v. Pennsylvania Board of Probation and Parole*, 74 Pa. Commonwealth Ct. 554, 460 A.2d 889 (1983), to support his contention that he was entitled to serve his backtime before serving the sentence imposed for the convictions of June 4, 1986 and June 25, 1986. He also points out that he was ordered to serve this time "when available" and argues that he became available on June 25, 1986,

the date of his last conviction. These arguments, however, are without merit. Section 21.1(a) and *Emmi* both apply to *convicted* violators. Although he could have been charged as both a convicted and technical violator, the petitioner was charged only as a technical violator. And, because he was being held on new criminal charges and then to serve a new sentence, he was not in the Board's custody on its warrant until he was paroled from the new sentence on August 27, 1987. There are no provisions in the Act or the regulations for the sequence in which time must be served when a parolee is being held on new criminal charges and then to serve a new sentence, but is charged only as a technical violator. We will not hold, therefore, that backtime must be served before the new sentence in such cases.

The petitioner also argues that the Board erred in ruling that a Gagnon[5] II hearing is not required when a parole period is extended. This is essentially the same point he raised in his first argument regarding the necessity for a parole revocation hearing. As noted previously, a violation hearing was held on February 20, 1986. This hearing satisfied the due process requirement of a second hearing.

We would further note, by way of clarification, that the petitioner's parole period here was not lengthened. In recomputing his maximum time, the Board calculated the amount of time he had remaining on his original

_____

[5] *Gagnon v. Scarpelli,* 411 U.S. 778 (1973). We note that *Gagnon* actually involves the revocation of probation, while *Morrissey v. Brewer,* 408 U.S. 471 (1972), is the leading case on parole revocation, although *Gagnon* goes further by addressing the due process right to be represented by appointed counsel in preliminary and final revocation hearings. Pennsylvania does require two hearings to be held prior to parole revocation, and we will therefore address the issue as one regarding the necessity of a final hearing, putting all nomenclatural confusion aside.

sentence as of December 13, 1985,[6] which was two years, 10 months and 19 days, and merely added that remaining time to the date of August 27, 1987, the day when he was released on parole from his new sentence, to determine his new maximum expiration date of July 16, 1990. He is not, therefore, actually serving any more time on parole than he was previously sentenced to serve. He is, in reality, simply not being permitted to serve that time concurrently with his new criminal sentence. As the Board notes, it was not crediting the petitioner for the time during which he was delinquent on parole, which included the time during which he was incarcerated due to his new criminal convictions. Such a result is totally reasonable and certainly not improper.

We will, accordingly, affirm the decision of the Board.

## ORDER

AND NOW, this 5th day of August, 1988, the decision of the Pennsylvania Board of Probation and Parole denying administrative relief in the above-captioned matter is hereby affirmed.

Further, upon consideration of the petition of the Public Defender of Allegheny County for leave to withdraw as counsel, and it appearing that counsel has not filed a brief consistent with *Anders v. California*, 386 U.S. 738 (1967), but rather has filed a brief challenging the recommitment action of the Pennsylvania Board of Probation and Parole as violative of due process and that counsel has not alleged that this matter is frivolous, said petition is denied.

---

[6] This is the date on which the Board warrant was issued pursuant to the petitioner's technical violation for failure to report his arrest on November 8, 1985 within 72 hours.