556 A.2d 506

Dennis Sims Africa, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs November 30, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*John C. Armstrong,* Chief, Parole Division, for petitioner.

*Timothy P. Wile,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

PER CURIAM OPINION, March 28, 1989:

Dennis Sims Africa (Petitioner) petitions for our review of an order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief from a Board order recommitting him to a state correctional institution as a convicted parole violator.

On October 1, 1984, Petitioner was paroled from a sentence of three years and two months to twelve years imposed as a result of his conviction of the offenses of riot, conspiracy and terroristic threats. On March 13, 1985, the Petitioner was arrested on charges including robbery, theft and carrying a firearm.

On March 26, 1985, while being held in a county institution, the Petitioner waived his rights to prelimi-

nary and detention hearings and requested that all violation and revocation hearings be continued pending disposition of the criminal charges filed against him. He also waived his right to a full Board hearing at that time.

On October 21, 1986, the Petitioner pled guilty to the robbery charge for which he was arrested on March 13, 1985. The trial court deferred sentencing. On November 17, 1986, the Board received official verification of the Petitioner's guilty plea. (Certified record at 23.)[1]

On December 9, 1986, the Board held a panel revocation hearing at which the Petitioner appeared with counsel from the Philadelphia Public Defender's Office. At the hearing, the Petitioner was notified that he would have to seek other counsel inasmuch as an internal operating procedure in the Public Defender's Office prohibited his further representation. When the Petitioner expressed his desire to be represented by counsel the hearing examiner suggested that the hearing be continued until such time as Petitioner could secure counsel.

---

[1] On November 12, 1986, the Petitioner's parole agent completed a convicted violator report indicating that on October 21, 1986, the Petitioner had pled guilty to the charges for which he had been arrested on March 13, 1985. The Board's certified record to this Court contained only a photocopy of its copy of the agent's convicted violator report. Following the issuance of an order by this Court the Board furnished us with its copy of the convicted violator report. We note that the copy provided contains two date stamps. One indicates that the report was received by "PBPP Philadelphia D.O." on November 17, 1986. A second indicates that the report was received by the "Division of Hearing Examiners, Eastern Region PBPP" on November 18, 1986. Neither the Board's nor the Petitioner's brief takes a position as to which of these two dates, if either, represents the date on which the Board received official verification of the entry of the guilty plea pursuant to 37 Pa. Code §71.4. Since the burden is on the Board to prove the timeliness of the hearing, *Abbruzzese v. Pennsylvania Board of Probation and Parole*, 105 Pa. Commonwealth Ct. 415, 524 A.2d 1049 (1987), we will use the earlier of the two dates.

The Petitioner, however, refused to sign the Board's request for continuation of hearing inasmuch as he felt that he would be harmed by signing the form. Nevertheless, the hearing was continued.

On January 7, 1987, the Petitioner was sentenced and was subsequently transferred to a state correctional institution in Montgomery County where he was able to secure representation through the local public defender's office. On January 23, 1987, the Petitioner directed a counselor to notify the Board that he was ready to proceed with a revocation hearing. To that end the counselor telephoned the local probation and parole office.

By April 12, 1987, the Petitioner had received no communication from the Board and wrote to the Board requesting a full Board hearing. The Board received the Petitioner's written request on April 16, 1987 and acknowledged its receipt by letter of April 24, 1987, informing the Petitioner that a hearing would be scheduled as soon as possible.

On May 4, 1987, a pro se "Petition for Administrative Relief" was filed with this Court at our docket number 1116 C.D. 1987. The petition was directed to the Board and requested that his parole be reinstated for the Board's failure to hold a revocation hearing in a timely manner. By order of May 27, 1987, this Court transferred the matter to the Board for its review.

On August 11, 1987, a full Board hearing was held at which the Petitioner was represented by counsel. The timeliness of the hearing was challenged at that time but the Board concluded that the duration of the continuance was chargeable against the Petitioner resulting in the August 11, 1987 hearing being held in a timely manner. The Board then proceeded to the merits of the revocation hearing.

On appeal to this Court from the Board's recommitment of the Petitioner as a convicted parole violator he argues only that the Board's August 11, 1987 hearing was not held in a timely manner pursuant to 37 Pa. Code §71.4. Specifically, he argues that since he did not sign the Board's continuance form the period of delay should not be charged to him.

Our scope of review is limited to determining whether the Board's order is in accordance with the law, whether necessary findings are supported·by substantial evidence and whether the Petitioner's constitutional rights were violated. *Cameron v. Pennsylvania Board of Probation and Parole*, 90 Pa. Commonwealth Ct. 580, 496 A.2d 419 (1985). Further, we note that, where the Petitioner has alleged that the hearing was untimely, it is for the Board to prove by a preponderance of the evidence that it was, in fact, timely. *Abbruzzese v. Pennsylvania Board of Probation and Parole*, 105 Pa. Commonwealth Ct. 415, 524 A.2d 1049 (1987).

In *Ruza v. Pennsylvania Board of Probation and Parole*, 73 Pa. Commonwealth Ct. 483, 458 A.2d 662 (1983), the Board scheduled a timely violation and revocation hearing. The petitioner appeared without counsel and expressed his desire to be represented. The hearing was continued pending the petitioner's ability to obtain counsel. The petitioner challenged the timeliness of a subsequent hearing at which he was represented by counsel. This Court held:

> We conclude that the board complied with the regulation [37 Pa. Code §71.4] by affording the first hearing opportunity sixty-two days after the date of conviction. As we noted in Passaro [v. Pennsylvania Board of Probation and Parole, 56 Pa. Commonwealth Ct. 32, 424 A.2d 561 (1981)], the responsibility to provide counsel devolves

upon the county of incarceration. We cannot nullify the board's proceedings for untimeliness where the delay resulted from a matter outside the board's responsibility. Having satisfied its obligation with respect to the scheduling of a hearing, the board was obliged not to proceed until counsel had been provided. ...

*Id.* at 485, 458 A.2d at 663.

Had the Board proceeded with the December 9, 1986 hearing in the case before us, the Petitioner would have been entitled to a remand for a hearing. *Brown v. Pennsylvania Board of Probation and Parole*, 70 Pa. Commonwealth Ct. 597, 453 A.2d 1068 (1982). The Board properly continued the hearing, even in the absence of the Petitioner's willingness to sign the continuance form inasmuch as he had expressed his desire to be represented by counsel. The necessity for the continuance was caused by the Philadelphia Public Defender's Office, not the Board.

The Petitioner also argues that if the period of the continuance is charged against him, the period should end on January 23, 1987, the date on which a prison counselor telephoned the local probation and parole office to notify it of the Petitioner's readiness to proceed with a revocation hearing. We disagree. The Board's continuance form clearly provides that the December 9, 1986 hearing was to be continued "until further written notice (to be rescheduled at request of parolee)." (Certified record at 24.) The Petitioner was fully aware of the contents of the Board's request for continuance form inasmuch as he had refused to sign the form for the stated reason that he felt it would harm him. Accordingly, we find that the Petitioner was required to give written notice to the Board of his readiness to proceed with the revocation hearing. He sent written notice which was received by the Board on April 16, 1987.

Further, we note that the period during which the Petitioner had filed a pro se petition to the Commonwealth Court should not be charged against the Board. That is, we will not charge the Board with the period from May 5, 1987, the day after the petition was filed until May 27, the date this Court issued its order.

Having determined which periods should not be charged against the Board we must calculate whether the August 11, 1987 hearing was held in a timely manner.

Initially, we note that 1 Pa. C. S. §1908 is applicable to the computation of time here pursuant to 37 Pa. Code §71.5(j). In pertinent part, §1908 provides, "When any period of time is referred to in any statute, such period in all cases ... shall be so computed as to exclude the first and include the last day of such period."

With that in mind, we compute the timeliness of the August 11, 1987 hearing as follows:

*Periods Charged to the Board*

| | |
|---|---|
| November 18, 1986[2] to December 9, 1986: | 22 days |
| April 17, 1987 to May 4, 1987: | 18 days |
| May 28, 1987 to August 11, 1987: | 76 days |
| | 116 days |

Having determined that the Board held the Petitioner's revocation hearing within 120 days of its receipt of official verification of the entry of the Petitioner's plea of guilty, we affirm the Board's order.

## ORDER

Now, March 28, 1989, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.

---

[2] Pursuant to 1 Pa. C. S. §1908 our computation begins on the date following the Board's receipt of official verification of the Petitioner's entry of a guilty plea.

Judge COLINS did not participate in the decision in this case.