568 A.2d 1334

**Michael RANSON, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 22, 1989.

Decided Nov. 29, 1989.

Designated as Opinion to be Reported Jan. 25, 1990.

Wayne S. Melnick, Asst. Public Defender, for petitioner.

Timothy P. Wile, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, for respondent.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

McGINLEY, Judge.

Michael Ranson (Petitioner) has appealed from a decision of the Pennsylvania Board of Probation and Parole (Board) denying his administrative appeal which challenged the extension of his maximum term expiration date. The sole issue is whether the Board properly refused to grant Petitioner credit for time on parole which he spent in Dauphin County Prison serving another sentence.

On April 11, 1988, the Board paroled Petitioner from a two to five year sentence with an original maximum term expiration date of September 20, 1989. On November 6, 1988, Petitioner was arrested and charged with simple assault. The Board immediately lodged a detainer against him. Petitioner remained confined in Dauphin County Prison in lieu of bail until December 21, 1988 when he was convicted of disorderly conduct in a summary proceeding and sentenced by the district justice to time served.

On January 5, 1989, following a parole violation hearing, the Board recommitted Petitioner as a technical parole violator (TPV) and extended his maximum term expiration date to November 5, 1989. The Board thus denied Petitioner credit against his maximum sentence for the time spent in Dauphin County Prison serving the disorderly conduct sentence. Petitioner filed an administrative appeal challenging the extension of his maximum term expiration date. After the Board denied Petitioner's administrative appeal, he filed the petition for review which is presently before this Court.

Petitioner argues that the Board cannot extend his maximum term expiration date by the period of time for which he was incarcerated on the disorderly conduct charges. Petitioner asserts that he is entitled to credit for this period of time. Since Petitioner remained incarcerated from November 6, 1988 through December 21, 1988 not only because of the Board's detainer but also because he failed to post bond, the Board need not credit this time to his original sentence. *Witman v. Board of Probation and Parole*, 49 Pa. Commonwealth Ct. 649, 412 A.2d 194 (1980).

Furthermore, since Petitioner was ultimately sentenced to time served, from November 6, 1988 through December 21, 1988, Petitioner was actually serving time for his disorderly conduct charge rather than for his parole violation. Petitioner is not entitled to credit for time during which he was incarcerated serving a sentence other than the one from which he was paroled. *Obringer v. Pennsylvania Board of Probation and Parole*, 119 Pa. Commonwealth Ct. 308, 547 A.2d 449 (1988).

Petitioner contends that *Obringer* is inapposite because Obringer was declared delinquent while Petitioner was not. Nothing in *Obringer* requires the Board to issue a formal declaration of delinquency. Likewise, neither the Parole Act nor the Board's regulations require a formal declaration. In fact, any declaration of delinquency is "merely an administrative procedure." *Passaro v. Pennsylvania*

*Board of Probation and Parole,* 92 Pa. Commonwealth Ct. 442, 499 A.2d 725 (1985).

Section 21.1(b) of the Parole Act[1] provides that a TPV who is recommitted "shall be given credit for the time served on parole in good standing but with no credit for delinquent time." Any time which a parolee spends incarcerated on another charge cannot be considered time served on parole in good standing. Moreover, a formal declaration of delinquency is not needed to deny a TPV credit for time spent in violation of his parole. Therefore, the Board properly denied Petitioner credit against his maximum sentence for the period of his incarceration from November 6, 1988 through December 21, 1988.

## ORDER

AND NOW, this 29th day of November, 1989, the decision of the Pennsylvania Board of Probation and Parole denying administrative relief in the above-captioned case is hereby affirmed.

---

1. Act of August 6, 1941, P.L. 861, *as amended,* added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. § 331.21a.