## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Strait,                                     :
                  Petitioner                        :
                                                    :
            v.                                       :     No. 580 C.D. 2015
                                                    :     Submitted: March 4, 2016
Pennsylvania Board of Probation                     :
and Parole,                                          :
                  Respondent                        :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                             **FILED:  June 9, 2016**


Michael Strait (Inmate) petitions this Court for review of a determination of the Pennsylvania Board of Probation and Parole (Board) that denied his administrative appeal of a Board order that recalculated his parole violation maximum date as January 23, 2020. Finding no error, we affirm.

Inmate's most recent release on parole, to a community corrections center, occurred on December 21, 2009; at that time, his maximum sentence date was June 20, 2015. (Certified Record (C.R.), Record Item (R. Item) 4, Notice of Board Decision Recorded October 29, 2009; C.R., R. Item 4, Order to Release on Parole/Reparole.)  On March 4, 2010 he was declared delinquent and his whereabouts remained unknown until his arrest on March 31, 2010; he signed a waiver admitting to the technical parole violations charged.  (C.R., R. Item 5, Warrant to Commit and Detain, R. Item 8, Board Supervision History.)  At the

time of Inmate's parole violation, he had 1935 days remaining on his sentence. He served another sentence under Federal custody from March 31, 2010 to August 6, 2010 and on that date, Inmate was erroneously released from Federal custody rather than to the Board detainer; his whereabouts remained unknown until he was arrested in Kentucky on October 1, 2010 on new criminal charges. (C.R., R. Item 8, Board Supervision History.) On August 10, 2010, the Board declared Inmate delinquent effective August 6, 2010, and in a decision recorded August 23, 2010, he was recommitted as a *technical* parole violator to serve nine months backtime[1] when available. (C.R., R. Item 7, Order to Recommit, Notice of Board Decision.)

In Kentucky, Inmate was charged with wanton endangerment, criminal mischief, fleeing or evading police – first degree, fleeing or evading police – second degree, reckless driving, speeding, disregarding a traffic control device, failure to or improper signal, and leaving the scene of an accident. (C.R., R. Item 8, Notice of Charges and Hearing, Criminal Arrest and Disposition Report.) He was convicted on March 9, 2011, and sentenced to a term of eight years to be served in the Kentucky Department of Corrections, with 207 days credit for time served. (*Id*.) Inmate was returned to the custody of Pennsylvania authorities on December 1, 2014. Notwithstanding his convictions in Kentucky, in a decision recorded on February 6, 2015, the Board recommitted Inmate to serve the nine months backtime as a *technical* parole violator as ordered on August 23, 2010. (C.R., R. Item 9, Order to Recommit.) He received 56 days credit representing the period of time following his release in error, from August 6, 2010

---

[1] "Backtime is that part of an existing judicially-imposed sentence which the Board directs a parolee to complete following a finding…that the parolee violated the terms and conditions of parole, and before the parolee begins to serve the new sentence." *Cimaszewski v. Pennsylvania Board of Probation and Parole*, 868 A.2d 416, 419 n.1 (Pa. 2005).

until October 1, 2010, which resulted in an adjusted total back time due of 1,879 days and a new maximum date of January 23, 2020. (*Id.*)

Inmate filed an administrative appeal from this decision, which the Board denied on March 26, 2015. (C.R., R. Item 9, 3/26/2015 Board Decision.) The Board stated:

> When you were released on parole on March 3, 2010, your maximum sentence date was June 20, 2015. Therefore, you owed 1935 days of backtime owed at the time of your last release. In your case, you received 56 days credit for the period in which you were released in error from August 6, 2010 to October 1, 2010. Applying 56 days to 1935 days yields a total of 1879 days owed. You became available to begin serving your backtime on December 1, 2014 when you returned to an SCI and Pennsylvania authorities. Adding 1879 days to December 1, 2014 yields a parole max date of January 23, 2020. Therefore, your parole violation max date is correct.

(*Id.*) Inmate thereafter timely filed a petition for review of the Board's decision.[2] Inmate's court-appointed attorney sought to withdraw, asserting that Inmate's petition for review lacked merit. However, in an unpublished opinion, this Court denied the petition to withdraw, and directed counsel to file a brief.[3]

---

[2] In his administrative appeal, Inmate alleged, *inter alia*, that he had waived extradition from Kentucky to Pennsylvania on October 5, 2010, and was therefore available to the Board at that time, so his nine months back time should have started on that date. (C.R., March 3, 2015 Administrative Appeal.)

[3] In *Strait v. Pennsylvania Board of Probation and Parole*, (Pa. Cmwlth., No. 580 CD 2015, filed October 27, 2015), this Court determined that although counsel correctly stated that the Board has discretion to deny a convicted parole violator any credit for time at liberty on parole, in this case, the record shows that despite his conviction for various offenses in Kentucky, Inmate was not recommitted as a *convicted* parole violator but rather as a *technical* parole violator; because counsel's brief was premised upon the incorrect assumption that Inmate was a convicted parole violator, the Court denied counsel's petition for leave to withdraw and directed her to file a brief on the merits.

Our scope of review is limited to determining whether the Board's determination is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

On appeal, Inmate asserts that the time he spent in custody should be credited toward his maximum date, because he became available to the Board on October 5, 2010 when, following his October 1, 2010 arrest in the state of Kentucky, he waived extradition from that state to Pennsylvania. We find no merit in this argument. Section 6138 of the Prisons and Parole Code[4] (Code) provides:

> If the parolee is recommitted [as a *technical* parole violator] under this subsection, the parolee shall be given credit for time served on parole in good standing but with no credit for delinquent time and may be reentered to serve the remainder of the original sentence or sentences.

61 Pa. C.S. § 6138(c)(2). Inmate was clearly *not* in good standing on parole for the period of time when he was serving his sentence in Kentucky, from October 1, 2010 to December 1, 2014, and is not therefore entitled to credit for time in custody there.[5] He does not argue, and there is nothing whatsoever in the record to suggest, that he was detained in Kentucky solely on the Board's warrant. Inmate was not treated erroneously as a *convicted* parole violator; the Board Decision recorded on February 6, 2015 clearly refers to the Board's earlier action recommitting Inmate to a state correctional institution as a *technical* parole violator

---

[4] 61 Pa. C.S. §§ 101-6309.

[5] This Court has held that "[a]ny time which a parolee spends incarcerated on another charge cannot be considered time served on parole in good standing." *Ranson v. Pennsylvania Board of Probation and Parole*, 568 A.2d 1334, 1335 (Pa. Cmwlth. 1989).

4

to serve nine months backtime. Inmate's maximum sentence date was calculated from the date he became available to begin serving his backtime, upon his return to a state correctional institution; it is of no moment that the Board chose not to extradite Inmate from Kentucky to Pennsylvania. Accordingly, the decision of the Board is affirmed.

_____
**JAMES GARDNER COLINS, Senior Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Strait,                              :
           Petitioner          :
                                   :
           v.                    :     No. 580 C.D. 2015
                                   :
Pennsylvania Board of Probation           :
and Parole,                                :
           Respondent          :

## ORDER

AND NOW, this 9th day of June, 2016, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**