791 A.2d 1167

James E. OWENS, Petitioner,

v.

PENNSYLVANIA BOARD OF PROBATION
AND PAROLE, Respondent.

Supreme Court of Pennsylvania.

March 20, 2002.

## ORDER

PER CURIAM.

AND NOW, this 20th day of March, 2002, the Petition for Allowance of Appeal is hereby GRANTED, LIMITED to the following two issues:

1. Is the judgment of sentence of "guilt without further punishment" within the contemplation of the rule established by this Court in *Gaito v. Pennsylvania Bd. of Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980), precluding the application of credit for time served against a parolee's original sentence where the parolee failed to satisfy the conditions of bail related to his later offense?

2. In *Davis v. Cuyler*, 38 Pa.Cmwlth. 488, 394 A.2d 647 (1978), the Commonwealth Court held that, "where the Board's detainer is the *sole reason* the prisoner is being confined, the Board must apply the time in confinement to the prisoner's original sentence" (emphasis in original). *Davis* was subsequently relied upon to support a rule divesting the Board of discretion concerning the application of credit for time served against an original sentence in cases in which there are multiple reasons for the custody, for example, the parole detainer and an inability or unwillingness to meet the conditions of bail.

*See, e.g., Gaito v. Pennsylvania Bd. of Probation and Parole,* 488 Pa. 397, 412 A.2d 568 (1980); *Rodriques v. Pennsylvania Bd. of Probation and Parole,* 44 Pa. Cmwlth. 68, 403 A.2d 184 (1979). In circumstances in which credit is not practically available against the new sentence imposed, should the Board be vested with discretionary decision making authority concerning the application of credit for time served, subject to judicial review pursuant to the standards set forth in the Administrative Procedures Act, 2 Pa.C.S. § 704? Alternatively, should the courts continue to develop and refine specific rules governing the availability of credit for time served in particular circumstances, such as occurred in the present case and in *Smarr v. Pennsylvania Bd. of Probation and Parole,* 748 A.2d 799 (Pa. Cmwlth.2000)?

This matter is CONSOLIDATED with *Smarr v. Pennsylvania Board of Probation and Parole,* No. 270 MAL 2000, for argument.