**Thomas WILLIAMS, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 2, 2002.
Decided Feb. 4, 2003.

Kent D. Watkins, Saint Clair, for petitioner.

Amy M. Elliott, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, SIMPSON, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Judge SIMPSON.

In this appeal by Thomas Williams (Williams) from the order of the Pennsylvania Board of Probation and Parole (Board) denying administrative relief, we are asked whether a state parolee is entitled to credit for time spent in prison which was neither related to new charges nor credited to new charges.[1]

---

1. This matter is before us on the application of the Pennsylvania Board of Probation and Parole (Board) for reargument and reconsideration of the order of this Court filed on July 1, 2002. The Court granted reconsideration and ordered the parties to file briefs addressing the applicability of this Court's opinion in *Ranson v. Pa. Bd. of Probation and Parole,* 130

Williams was sentenced in the Allegheny Court of Common Pleas to a term of imprisonment of 5 to 10 years for criminal conspiracy to commit homicide. His minimum sentence was January 28, 1998, and his maximum date of expiry was January 28, 2003.

The Board granted Williams parole. On May 17, 1999 he was paroled to a Community Correction Center (CCC). The conditions of parole included that he successfully complete the CCC program and that he not leave the CCC without permission; removal or termination from the CCC for any reason other than successful completion would be considered a violation of his parole.

On August 1, 1999, Williams took his belongings and failed to return to the CCC. The Board declared him delinquent as of that date.

On October 22, 1999, Williams was arrested and charged with one third degree misdemeanor and three summary violations of the Vehicle Code.[2] The record does not indicate that he was required to post bail for the summary or misdemeanor offenses. On November 4, 1999, Williams was returned to the Pittsburgh Diagnostic Center, a state correctional institution.

On October 28, 1999, the Board issued a warrant to commit and detain Williams for technical parole violations. Williams was charged with violating Condition 2 of his parole (leaving the CCC without written permission and failing to return) and Condition 7 of his parole (failing to successfully complete the CCC program).

On December 17, 1999, the Board ordered Williams recommitted as a technical parole violator for violating Conditions 2 and 7 of his parole, and when available, to serve 12 months backtime.

Eleven months later, on October 5, 2000, Williams pled guilty to three summary Vehicle Code violations: driving on a suspended license,[3] driving without required financial responsibility,[4] and unauthorized transfer or use of registration.[5] The misdemeanor charge was dropped. The magistrate ordered a fine of $200, plus costs for driving on a suspended license and ordered no further penalties on the two other Vehicle Code violations.

The new summary convictions prompted a panel violation hearing. Thereafter, the Board recommitted Williams a second time as a technical parole violator for violating Condition 4 of his parole (failure to comply with all laws).[6] The Board ordered Williams to serve 9 months backtime, concurrent with the 12 months ordered by the Board in its December 1999 decision. His maximum date was increased from January 28, 2003, to April 2, 2004.

Williams filed an administrative appeal of the calculation of the backtime. The Board denied the appeal.

Neither Williams nor the Board dispute entitlement to credit from May 17, 1999, when he was paroled, until August 1, 1999,

---

Pa.Cmwlth. 539, 568 A.2d 1334 (1989). Following briefing, the parties were granted reargument. We withdrew the July 1, 2002 order.

**2.** 75 Pa.C.S. §§ 101—9805.

**3.** 75 Pa.C.S. § 1543(a).

**4.** 75 Pa.C.S. § 1786.

**5.** 75 Pa.C.S. § 1372.

**6.** Because Williams was convicted by a court not of record, the Board properly recommitted him as a technical, and not a convicted parole violator. *See* Section 21.1 of the Parole Act, Act of August 6, 1941, P.L. 861, *as amended,* added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. § 331.21a(b).

when he was declared delinquent. Likewise, neither party disputes that Williams is not entitled to credit on his original sentence for the period of August 1, 1999, when the Board declared him delinquent, until October 22, 1999, when he was arrested. Additionally, the Board concedes Williams should receive credit from December 17, 1999, after it formally revoked his parole, to October 5, 2000, the date of sentencing on his summary Vehicle Code charges.[7]

Accordingly, the only period for which credit is disputed is between the date of arrest, October 22, 1999 and December 17, 1999, when the Board revoked Williams' parole. The Board relies on *Ranson v. Pa. Bd. of Probation and Parole*, 130 Pa. Cmwlth. 539, 568 A.2d 1334 (1989) in support of its position that a parolee may gain credit only for time spent on parole in good standing.

In *Ranson*, "the sole issue [was] whether the Board properly refused to grant Petitioner credit for time on parole which he spent in Dauphin County Prison serving another sentence." *Id.* at 1335. Ranson was credited with all prison time, but the county prison time was credited to the new county sentence, not the original state sentence.

Here, unlike in *Ranson*, Williams seeks credit for prison time that was not credited elsewhere. Further, the record does not support a finding that Williams' confinement was related to his new Vehicle Code charges, as, for example, by a failure to post bail. If we adopt the Board's argument, Williams will not receive credit on

any sentence for 56 days he spent in prison. *Ranson* does not justify this outcome. Nor has the Board referred us to any case to support a total loss of credit for prison time.

Section 21.1(b) of the Parole Act, 61 P.S. § 331.21a(b) relating to technical violators, provides (with emphasis added):

Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution in the Commonwealth who, during the period of parole, violates the terms and conditions of his parole, other than by the commission of a new crime of which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere in a court of record, may be recommitted after hearing before the board. If he is so recommitted, he *shall be given credit for the time served on parole in good standing but with no credit for delinquent time*, and may be reentered to serve the remainder of his original sentence or sentences. Said remainder shall be computed by the board from the time his delinquent conduct occurred for the unexpired period of the maximum sentence imposed by the court without credit for the period the parolee was delinquent on parole, and he shall be required to serve such remainder so computed from the date he is taken into custody on the warrant of the board. Such prisoner shall be subject to reparole by the board whenever in its opinion the best interests of the prisoner justify or require his being reparoled

---

7. In its first brief to the Court, the Board argued that Williams was not entitled to credit for all pretrial commitment time because he was held pending disposition of the new charges. The Board did not acknowledge that it formally revoked his parole on December 17, 1999. In the Board's brief following our grant of the Board's request for reconsid- eration, the Board concedes that Williams should receive credit on his original sentence from December 17, 1999, after his parole was formally revoked, to October 5, 2000, the date of his sentencing on his new criminal charges. Brief for Respondent Following a Grant of Reconsideration, p. 10.

and it does not appear that the interests of the Commonwealth will be injured thereby.

The Board contends that under the technical violator provisions of the Parole Act, it is not required to give credit when a parolee is not in "good standing." According to the Board, such time includes all time after a delinquency whether the parolee is on the streets or in prison.

Contrary to the Board's position, the technical violator provisions of the Parole Act address whether or not credit shall be given for "street time." *Com. v. Greenlee*, 263 Pa.Super. 477, 398 A.2d 676 (1979). The statutory language in question does not address whether credit will be given for prison time.

■ Usually, a question of credit arises as to which of several sentences a credit for prison time shall be applied. *E.g., Gaito v. Pa. Bd. of Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980) (defendant held in custody who otherwise met requirements for bail on new charges shall receive credit on original sentence for time spent in custody); *Witman v. Pa. Bd. of Probation and Parole*, 49 Pa.Cmwlth. 649, 412 A.2d 194 (1980) (parolee not entitled to credit on original sentence when held on both Board detainer and failure to post bond); *Davidson v. Pa. Bd. of Probation and Parole*, 667 A.2d 1206 (Pa.Cmwlth. 1995) (parolee detained for failure to post bail on new charges that were ultimately nolle prossed entitled to credit on original sentence). Here, credit for Williams' prison time, much of which was served in a state institution, can only be applied to his original state sentence. We hold that where prison time is not related to new charges, and cannot be credited to a new sentence, a prisoner shall be credited with prison time against his original sentence.[8]

■ Williams is entitled to no credit from the time he left the CCC until his arrest on Vehicle Code charges. There is no indication that he was required to post bail for the Vehicle Code charges, but failed to do so. Therefore, there is no support for a finding that he remained in custody because of the Vehicle Code violations. Williams ultimately received only a fine for the Vehicle Code violations. As a result, there was no county sentence of confinement to which the prison time could be credited. Under these circumstances, Williams should receive credit for his prison time against his original sentence.

Accordingly, the order of the Board is reversed and the matter remanded to the Board for recalculation of Williams' maximum date of expiry, providing him with credit from the date of his arrest, but with no credit for delinquent time before his arrest.

### ORDER

AND NOW, this 4th day of February, 2003, the order of the Pennsylvania Board of Probation and Parole is reversed and the matter is remanded to the Board for recalculation of Williams maximum date of expiry. Within 30 days of the date of this decision, the Board shall issue an order containing Williams new maximum date of expiry.

Jurisdiction is relinquished.

---

8. *See also* Section 9760 of the Sentencing Code, 42 Pa.C.S. § 9760 (defendant shall receive credit for all time spent in custody, including time prior to trial, during trial, pending sentence and pending resolution of appeals; when arrested on one charge and later prosecuted on another, defendant shall receive credit for time spent in custody under former charge that has not been credited against another sentence).