Artie McCLOUD, Petitioner,

v.

PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 3, 2003.

Decided Oct. 28, 2003.

Kent D. Watkins, Saint Clair, for petitioner.

Arthur R. Thomas, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, and SIMPSON, Judge, and MIRARCHI, Senior Judge.

OPINION BY Judge PELLEGRINI.

Artie McCloud (McCloud) petitions this Court for review of a determination of the Pennsylvania Board of Probation and Parole (Board) denying his administrative appeal.

McCloud is serving a sentence of six years for aggravated assault, terroristic threats and kidnapping with an original maximum term expiry of July 18, 2003 ("original sentence"). On March 5, 2001, McCloud was paroled by the Board to a community corrections center for a minimum of three months. He was subsequently declared delinquent and later arrested by the Philadelphia Police on four criminal charges.[1] The Board issued a warrant to commit and detain McCloud in relation to these charges. Although McCloud was found not guilty of all the charges, the Board, after a hearing, recommitted him as a technical parole violator to serve 12 months "backtime"[2] when available for violating conditions of his parole.[3]

On July 30, 2002, the Reading Police arrested McCloud on new criminal charges of simple assault, harassment and stalking ("new charges"). McCloud did not post bail. On December 12, 2002, the charges of simple assault and stalking were dropped, but McCloud was found guilty of harassment, a summary offense, and paid a fine of $100.00.

After a parole revocation hearing regarding the new charges, the Board revoked McCloud's parole on March 28, 2003, and issued a combined revocation decision/recalculation order on April 11, 2003. The Board recommitted McCloud as a convicted parole violator to serve six months concurrently with the backtime he received for violating the conditions of his parole in October 2002. The Board also changed his maximum term expiry to Au-

---

1. McCloud was arrested for aggravated assault, possession of an instrument of crime, recklessly endangering another person and simple assault.

2. When parole is revoked, whether for technical or criminal violations of the conditions for parole, the Board imposes a specific period of time that must be served in prison and credited to the sentence being served on parole before the prisoner will again be considered for parole on that sentence. That period of time is commonly referred to as "backtime." The Board's guidelines or "presumptive ranges" for determining the amount of backtime are found at 37 Pa.Code §§ 75.1–75.4.

3. McCloud violated the provisions of his parole because he left the district without permission, changed his residence without permission, and failed to report per instructions to do so.

gust 18, 2004.[4] McCloud was not given credit towards his original sentence for the period of July 30, 2002 to December 12, 2002, that he spent in custody awaiting disposition of the new charges due to his failure to make bail.

■ On May 5, 2003, McCloud filed a request for administrative relief[5] pursuant to 37 Pa.Code § 73 requesting credit towards his original sentence for time spent in custody from July 30, 2002 to December 12, 2002, awaiting disposition of the new charges. The Board denied McCloud's request on May 22, 2003, and this appeal followed.[6]

McCloud argues that he should receive a credit for the period of pre-trial confinement beginning on July 30, 2002 (when he was arrested) through December 12, 2002 (when he was found guilty) under this Court's holding in *Williams v. Pennsylvania Board of Probation and Parole*, 816 A.2d 366 (Pa.Cmwlth.2003). The Board argues that *Williams* is inapplicable be-

cause McCloud is a convicted parole violator who failed to post bail.

■ Despite countless factual scenarios that have followed our Supreme Court's decision in *Gaito v. Pennsylvania Board of Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980), it is well-settled that if a parolee is held in custody solely because of a warrant issued by the Board and has otherwise met the requirement for bail on new criminal charges, the parolee receives credit towards his original sentence for the time spent in custody. *Id.* If bail is not satisfied or is revoked, the parolee receives credit towards his new sentence for the time spent in pre-trial custody. *Id.* If, however, the parolee is not convicted or sentenced for the new criminal charges, the pre-trial confinement must be applied to the parolee's original sentence. *Id.* We have further held that a fine is a "sentence" for purposes of determining whether a parolee is entitled to credit for pre-trial confinement under the *Gaito* rule.[7] *McCoy v. Pennsylvania*

---

4. The April 11th order failed to give McCloud credit for December 12th through December 18th when McCloud was in official detention following the disposition of the new charges. By modified determination issued on May 14, 2002, the Board issued a credit to McCloud toward his original sentence for these six days and changed the maximum expiry date to August 12, 2004.

5. It appears from the record that both McCloud, individually, and his attorney filed separate requests for administrative relief on May 5 and May 6, 2003, respectively.

6. Our review of the Board's order is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Shaw v. Pennsylvania Board of Probation and Parole*, 812 A.2d 769 (Pa.Cmwlth.2002).

7. *See* Section 9721 of the Judicial Code, 42 Pa.C.S. § 9721. It provides, in pertinent part, as follows:

(a) **General rule.**—In determining the sentence to be imposed the court shall, except as provided in subsection (a.1), consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:
(1) An order of probation.
(2) A determination of guilt without further penalty.
(3) Partial confinement.
(4) Total confinement.
(5) **A fine.**
(6) Intermediate punishment.
42 Pa.C.S. § 9721 (emphasis added). *See also Smarr v. Pennsylvania Board of Probation and Parole*, 748 A.2d 799 (Pa.Cmwlth.2000), *appeal granted in part*, 568 Pa. 58, 791 A.2d 1166 (2002), *appeal dismissed as moot*, 569 Pa. 231, 803 A.2d 731 (2002) (sentence not limited to incarceration); *Owens v. Pennsylvania Board of Probation and Parole*, 753 A.2d 919 (Pa.Cmwlth.2000), *appeal granted in part and discontinued*, 568 Pa. 60, 791 A.2d 1167 (2002) (sentence includes "guilt without further penalty"); *Berry v. Pennsylvania Board of*

*Board of Probation and Parole,* 793 A.2d 1004 (Pa.Cmwlth.2002).

In *Williams,* the cased relied upon by McCloud, Williams was arrested while out on parole and charged with one third degree misdemeanor and three summary offenses under the Vehicle Code, 75 Pa.C.S. §§ 101–9805. The record did not indicate whether Williams was required to post bail for those violations. The Board issued a warrant to commit and detain for technical parole violations and Williams was recommitted as a technical parole violator. Eleven months later, Williams pled guilty to three summary violations of the Vehicle Code—driving on a suspended license, driving without the required financial responsibility and unauthorized transfer or use of registration. The misdemeanor charge was dropped. A magistrate imposed a fine of $200.00 for driving on the suspended license but imposed no penalties for the other violations. The Board then recommitted Williams a second time for violating another condition of his parole (failure to comply with all laws) in relation to the Vehicle Code violations. We held that "where prison time is not related to new charges, and cannot be credited to a new sentence, a prisoner shall be credited with prison time against his original sentence." *Id.* at 369.

*Williams* involved a unique factual setting in that it involved motor vehicle code violations, which ordinarily do not involve the setting of bail and which were disposed of at the magistrate level, a court not of record, which made it incumbent for evidence to be presented indicating that the time spent while in state custody should not have been credited to the parolee's original sentence. That is not the situation here. While the record in *Williams*

did not reflect whether the parolee was required to post bail or whether he even posted bail for violations of the Vehicle Code, the record, here, is clear that bond was set and McCloud did not post it; in *Williams,* the record did not reflect whether or not the parolee was in custody because of any warrant issued by the Board or whether he was in custody because of the Vehicle Code violation; here, it is clear that McCloud was held solely on the basis of the new charges, not by warrant of detainer issued by the Board. Accordingly, because *Williams* is limited to its unique facts which are not present here, it simply does not apply to the case before us.

■ This case is more like the situation that we addressed in *McCoy.* In that case, McCoy, the parolee, was arrested for attempted burglary and resisting arrest, but those charges were reduced to the summary charges of trespass and disorderly conduct. The parolee was convicted of the summary charges and sentenced to pay a fine of $50.00. The Board recommitted McCoy as a convicted parole violator based on the summary convictions and did not credit McCoy with time in custody while he awaited disposition of the new criminal charges. We upheld the denial of credit because, under *Gaito,* the parolee was not held solely on the basis of the Board's detainer and because a fine is a "sentence" as contemplated by the rule in *Gaito.*

Much like the parolee in *McCoy,* McCloud is a convicted parole violator and was being held solely because of the new criminal charges for which he did not post bail, not because of any warrant to commit and detain issued by the Board. Also, as in *McCoy,* McCloud was charged and con-

*Probation and Parole,* 756 A.2d 135 (Pa. Cmwlth.2000) (sentence includes sentence of

"time served").

victed of summary offenses and was sentenced to pay costs and a fine of $100.00. Because McCloud did not post bail for the new charges, was not held solely by warrant of the Board, and because the fine he received is a "sentence" under the Judicial Code and Pennsylvania case law, McCloud was not entitled to have the four-month period credited toward his original sentence.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this *28th* day of *October,* 2003, the order of the Pennsylvania Board of Probation and Parole, dated May 22, 2003, is affirmed.