# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

McKinley Clark,                           :
                                          :
                    Petitioner            :
                                          :
           v.                             : No. 509 C.D. 2019
                                          : Submitted: February 14, 2020
Pennsylvania Board of Probation           :
and Parole,                               :
                                          :
                    Respondent            :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge[1]
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                      FILED:  March 17, 2021


McKinley Clark petitions for review of the Pennsylvania Board of Probation and Parole's (Board)[2] April 10, 2019 decision denying his request for administrative review and affirming the Board's decision to recommit him as a convicted parole violator.  Also before this Court is the Petition to Withdraw as

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt completed her term as President Judge.

[2] Subsequent to the filing of Clark's petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board.  *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§6101, 6111(a).

Counsel (Petition to Withdraw) filed by Victor Rauch, Esquire, and Owen W. Larrabee, Esquire (collectively, Counsel).[3]

On April 28, 2009, Clark was sentenced to 8 to 17 years and 10 months' incarceration with a minimum expiration date of October 11, 2015, and a maximum expiration date of August 11, 2025, based on his convictions for drug-related charges. Certified Record (C.R.) at 1-2. On October 11, 2015, Clark was paroled from the State Correctional Institution (SCI) at Smithfield. *Id.* at 7. Upon his release, Clark signed the following acknowledgment:

> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

*Id.* at 8.

---

[3] Previously, Clark was represented by David Crowley, Esquire, Chief Public Defender of Centre County. *See* Crowley Application for Withdrawal of Appearance, 6/19/2019, at 1. Crowley filed the May 1, 2019 Petition for Review on Clark's behalf. *Id.* After Clark's May 2019 release from the State Correctional Institution at Rockview, Clark was paroled to a residence in Philadelphia. *Id.* at 2. Crowley then filed an Application for Withdrawal, explaining that because Clark was "no longer incarcerated or otherwise residing in Centre County, the Centre County Public Defender may no longer represent him on this matter and the Philadelphia Defender [Association] should be appointed in the event he remains indigent." *Id.* On June 21, 2019, this Court granted Crowley's Application for Withdrawal and appointed the Defender Association of Philadelphia to represent Clark. Order, 6/21/2019, at 1.

Victor Rauch and Owen W. Larrabee, Assistant Defenders of the Defender Association of Philadelphia, entered their appearances in this matter on July 9, 2019, and thereafter filed an *Anders* brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the instant Petition to Withdraw as Counsel (Petition to Withdraw). Although only Rauch and Larrabee entered their appearances in this Court, the Petition to Withdraw and the *Anders* brief also list Aaron Marcus, Assistant Defender Chief, Appeals Division, and Keir Bradford-Grey, Defender, of the Defender Association of Philadelphia as counsel. *See* Petition to Withdraw as Counsel, 12/16/2019, at 1, 2. This Court also notes that the Petition erroneously lists Clarence Smith as the Petitioner in this matter. *Id.* at 1.

Clark was arrested on May 9, 2017, by the Philadelphia Police Department, for driving under the influence and drug-related offenses. C.R. at 19. The Board issued a detainer warrant. *Id.* at 15. Clark was detained until September 26, 2017. *Id.* at 25. However, the Board canceled its detainer after the charges were withdrawn. *Id.*

On November 3, 2017, Clark was arrested in Montgomery County on theft-related charges. C.R. at 39, 42. The Board issued a detainer warrant on the same day. *Id.* at 31. Clark waived his rights to counsel and a preliminary hearing. *Id.* at 32-34. On December 22, 2017, the Board ordered Clark detained pending disposition of the Montgomery County criminal charges. *Id.* at 44. On April 11, 2018, Clark entered a guilty plea to identity theft and attempted theft by unlawful taking and was sentenced to 10 to 23 months' incarceration followed by 5 years' probation. *Id.* at 63-64.

The Board held a revocation hearing on June 4, 2018, at which Clark was represented by counsel. C.R. at 45-56, 65-98. By decision recorded on July 27, 2018 (mailed on August 9, 2018), the Board recommitted Clark as a convicted parole violator to serve nine months of backtime when available, pending parole from, or completion of, his Montgomery County sentence. *Id.* at 101-02. The Board awarded Clark credit for time spent at liberty on parole from October 11, 2015, to May 9, 2017. *Id.* at 50.

Clark filed an administrative appeal, which the Board received on August 22, 2018, asserting, among other things, that his recommitment period should be reduced to six months and run concurrently with his Montgomery County sentence. C.R. at 103-07. Clark also asked for credit for the period of time

3

from May 9, 2017, until September 26, 2017, when he was incarcerated on the Board's detainer warrant. *Id.*

Clark was paroled from his Montgomery County sentence on August 30, 2018. C.R. at 108. By decision recorded on September 14, 2018 (mailed on September 26, 2018), the Board referred to its July 27, 2018 action that recommitted Clark as a convicted parole violator and awarded partial credit to Clark for the periods of October 11, 2015, to May 9, 2017; May 10, 2017, to September 27, 2017; and November 3, 2017, to November 4, 2017, and recalculated his new maximum date as July 20, 2026. *Id.* at 123, 125-26. Clark again challenged the Board's calculation of time credit by correspondence received by the Board on November 7, 2018, and December 12, 2018. *Id.* at 127-30, 131-36. In both letters, Clark argued that he was entitled to credit from July 16, 2018, to September 6, 2018.[4] *Id.* at 127, 131.

The Board responded to Clark by letter mailed on April 10, 2019. C.R. at 139-40. The Board first addressed Clark's August 22, 2018 request that his Montgomery County sentence run concurrently with his original sentence. C.R. at 139. In doing so, the Board explained that Section 6138(a)(5) of the Prisons and Parole Code[5] mandates that such sentences run consecutively and that Clark must,

---

[4] Clark's minimum sentence date with street time was calculated as July 16, 2018. C.R. at 108. Clark was returned to the Board's custody on September 5, 2018. C.R. at 133.

[5] Section 6138(a)(5) provides:

> (5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

**(Footnote continued on next page…)**

4

therefore, serve his new sentence first. *Id.* The Board also explained that the nine-month recommitment term was based on the presumptive ranges for the offenses for which he was convicted as outlined in Sections 75.1 and 75.2 of the Board's regulations. 37 Pa. Code §§75.1-75.2. *Id.* The Board determined that, because the nine-month recommitment range was within the maximum range permitted under its regulations, it could not grant leniency to Clark regarding the recommitment term. *Id.*

Next, the Board addressed Clark's claim challenging his July 20, 2026 maximum date. C.R. at 139-40. In granting Clark's request for relief, the Board explained:

> You were released from a state correctional institution on October 11, 2015[,] with a [maximum] date of August 11, 2025[,] which left you with 3,592 days remaining on your sentence. The Board's decision to recommit you as a convicted parole violator authorized the recalculation of your [maximum] date to reflect that you receive no credit [for] any periods of time spent at liberty on parole. 61 Pa. C.S. §6138(a)(2). The Board elected to award you

---

**(continued…)**

> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.
>
> (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.
>
> (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa. C.S. §6138(a)(5).

partial credit for time spent at liberty on parole for 576 days from October 11, 2015[,] to May 9, 2017. You were also entitled to confinement credit for 140 days from May 10, 2017[,] to September 27, 2017, a period you were incarcerated for criminal charges that were dismissed. Subtracting this credit from the total amount you owe as a convicted parole violator leaves you with 2,876 days remaining on your original sentence (3,592 – (576 + 140) = 2,876). The record also reflects that you are entitled to one day of pre-sentence credit from November 3, 2017[,] to November 4, 2017[,] as you were solely incarcerated on the [Board's] detainer for this day; *see Gaito v.* [*Pennsylvania*] *Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). This left you with 2,875 days to serve on your original sentence. As mentioned in the first paragraph, [] you were not available to commence service of your original sentence until you were paroled from Montgomery County. Records reflect this occurred on August 30, 2018. Adding 2,875 days to that availability date yields a recalculated [maximum] date of July 14, 2026[,] and an eligibility for reparole date of May 29, 2019. A new board decision reflecting this change will be mailed to you under a separate cover.

*Id.* The Board thus affirmed its decision mailed on August 9, 2018, and reversed its decision mailed on September 26, 2018, but only insofar as to reflect that the Board's April 10, 2019 decision should have listed Clark's recalculated maximum date as July 14, 2026, as opposed to July 20, 2026.[6] *Id.* at 140. The Board then issued a separate decision (mailed on April 12, 2019), modifying its April 10, 2019

---

[6] The Board further modified its decision mailed on September 26, 2018, on May 1, 2019, by amending the parole clause of the former decision and providing that Clark would be reparoled on or after May 29, 2019. C.R. at 149.

decision to reflect Clark's correct July 14, 2026 recalculated maximum date, from which the Board indicated Clark could appeal. *Id.* at 140, 142.[7]

Clark,[8] then represented by David Crowley, Esquire, Chief Public Defender of Centre County, filed the instant petition for review of the Board's April 10, 2019 decision on May 1, 2019, alleging that "the Board lacks sufficient evidence for its factual findings, the Board's action violates applicable Board Regulations, or the Board's actions violate [Clark's] protections to due process of law under the Pennsylvania and United States Constitutions." Petition for Review at 2, ¶5. The petition for review also alleged that the Board incorrectly calculated

---

[7] The record reflects that Clark filed another administrative remedies form challenging the Board's April 10, 2019 decision, which the Board received on April 25, 2019. C.R. at 146-47. Therein, Clark asserted that his recalculated maximum date should be September 11, 2025, not July 14, 2026. *Id.* By decision mailed on May 7, 2019, the Board denied Clark relief and affirmed its recalculation of Clark's new July 14, 2026 maximum date. C.R. at 150-51. It explained why it awarded 717 days of credit to Clark and how subtracting those 717 days from the 3,592 days remaining on his original sentence left 2,875 days. *Id.* By adding those days to his August 30, 2018 custody for return date, Clark's new maximum date would be July 14, 2026. *Id.* The Board once again affirmed its April 10, 2019 decision.

[8] We recognize that the timing in this case is unusual. The record shows that Clark filed an administrative appeal on April 25, 2019, challenging the same things discussed in the Board's April 10, 2019 decision. The Board's May 7, 2019 decision addressing the April 25 appeal was not mailed until after Clark had petitioned for this Court's review. Although Clark's petition for review in this case addresses only the April 10, 2019 decision, rather than the May 7, 2019 decision, the subject matter of the two decisions generally overlaps, as both decisions discuss how the Board arrived at Clark's correct recalculated maximum date of July 14, 2026. However, it does not appear that Clark separately appealed from the Board's May 7, 2019 decision, and, therefore, that decision is not currently before the Court. Nevertheless, had Clark timely appealed the May 7 decision, this Court would have affirmed the Board's decision based on the reasons that follow.

7

Clark's parole violation maximum date.[9]  Thereafter, Counsel filed the Petition to Withdraw and an *Anders* brief contending that the appeal is meritless.

When court-appointed counsel concludes that a petitioner's appeal is meritless, counsel may be permitted to withdraw if counsel:  (1) notifies the petitioner of the request to withdraw; (2) furnishes the petitioner with a copy of a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), or a no-merit letter satisfying the requirements of *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); and (3) advises the petitioner of his right to retain new counsel or submit a brief on his own behalf raising any new points he might deem worthy of consideration. *Encarnacion v. Pennsylvania Board of Probation and Parole*, 990 A.2d 123, 125 (Pa. Cmwlth. 2010).  Once these requirements are met, this Court will independently review the petitioner's appeal to determine whether it is meritless. *Id.* at 126.

In this appeal, Clark had only a statutory right to counsel, which required Counsel to submit a no-merit letter in support of the petition to withdraw, rather than an *Anders* brief.[10]  A no-merit letter must set forth:  (i) the nature and

---

[9] Our scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *McCloud v. Pennsylvania Board of Probation and Parole*, 834 A.2d 1210, 1212 n.6 (Pa. Cmwlth. 2003).

[10] Where the matter does not involve a constitutional right to counsel, an attorney seeking to withdraw from representation should file an *Anders* brief. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009).  A constitutional right to counsel arises when the petitioner presents a:

> colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and

**(Footnote continued on next page…)**

extent of counsel's review of the case; (ii) each issue that the inmate wishes to raise on appeal; and (iii) counsel's explanation of why each of those issues is meritless. *Hughes v. Pennsylvania Board of Probation and Parole*, 179 A.3d 117, 120 (Pa. Cmwlth. 2018). Where a no-merit letter is sufficient but counsel has instead chosen to submit an *Anders* brief, we apply the lack of merit standard. *Id.*

The record reflects that Counsel informed Clark of Counsel's request to withdraw; provided Clark with a copy of the *Anders* brief that details Counsel's review of the issues and the reasons why Counsel concluded those issues are meritless; and advised Clark of his right to retain new counsel or to raise any new points he might deem worthy of consideration.[11] Because Counsel has satisfied the procedural requirements for withdrawal, we will conduct an independent review of whether Clark's petition for review lacks merit.

In his petition for review, Clark argues generally that the Board's decision lacked sufficient evidence for its factual findings, violated applicable Board regulations, and violated Clark's due process rights. He also argues that the

---

**(continued…)**

> make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Id.* at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778 (1973)). Here, Clark challenges only the recalculation of his maximum date and the amount of recommitment time awarded to him by the Board. These claims do not involve a constitutional right to counsel. As such, Counsel was only required to file a no-merit letter in order to withdraw from representation of Clark, rather than an *Anders* brief. However, this Court "will not deny an application to withdraw simply because an attorney has filed an *Anders* brief where a no-merit letter would suffice." *Hughes*, 977 A.2d at 26 n.4.

[11] Clark has not retained new counsel or filed a *pro se* brief in support of his petition for review.

Board "incorrectly calculated his parole violation maximum date by failing to credit his original sentence with all the confinement time to which he was entitled." Petition for Review at 2, ¶6. Clark asks this Court to remand the matter to the Board for a recalculation of his maximum date, including all of the confinement time to which he is entitled. Petition for Review at 2-3.

Section 6138(a)(1) of the Prisons and Parole Code provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a convicted parole violator. 61 Pa. C.S. §6138(a)(1). If recommitted as a convicted parole violator, the parolee must serve the remainder of the term that he would have been compelled to serve had the parole not been granted, with no credit for time spent at liberty on parole, unless the Board, in the exercise of its sole discretion, chooses to award credit. 61 Pa. C.S. §6138(a)(2), (2.1).

Pursuant to Section 6138(a)(2), Clark was not entitled to credit for the time he spent at liberty on parole given his recommitment as a convicted parole violator. Despite his status as a convicted parole violator, the Board chose to award Clark credit for time spent at liberty on parole. However, the Board's decision to award Clark credit for time spent at liberty on parole does not mean that he is entitled to all credit on his original sentence.

As outlined above, the Board gave Clark partial credit for the periods from October 11, 2015, to May 9, 2017, and May 10, 2017, to September 27, 2017, as well as one day of credit for November 3, 2017, to November 4, 2017. The Board subtracted the awarded credit time from the days remaining on Clark's original sentence at the time of his parole on October 11, 2015, leaving 2,875 days of backtime remaining on his original sentence. Adding this time to Clark's

10

August 30, 2018 parole date yielded a recalculated maximum date of July 14, 2026. Contrary to his claim in his petition for review, the Board did not err in its calculation of credit awarded to Clark.

We also conclude that the Board did not err in denying Clark's request that his backtime and Montgomery County sentence be served concurrently. Section 6138(a)(5)(iii) provides that:

> If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> * * *
>
> (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa. C.S. §6138(a)(5)(iii). In other words, when the Board orders a parolee to serve backtime, "the original sentence and any new sentences *must be served consecutively rather than concurrently*." *Kerak v. Pennsylvania Board of Probation and Parole*, 153 A.3d 1134, 1138 (Pa. Cmwlth. 2016) (emphasis added). Thus, the Board correctly followed the mandate of Section 6138(a)(5)(iii) by concluding that Clark's Montgomery County sentence and backtime must run consecutively, and that Clark must serve his new, county sentence first.

Next, we address Clark's challenge to his nine-month recommitment term as a convicted parole violator. The Board's regulations provide a set of presumptive ranges of recommitment terms for convicted parole violators. 37 Pa. Code §§75.1, 75.2. Here, Clark was convicted of identity theft and attempted theft by deception, both of which are graded as felonies of the third degree and carry with them a 6- to 12-month presumptive range. 37 Pa. Code §75.2. Adding

11

the maximum ranges for the 2 convictions together, the Board had the discretion to recommit Clark for a maximum of 24 months. Instead, the Board recommitted Clark for nine months, a term falling well within the presumptive range. We therefore decline to disturb the Board's exercise of discretion with respect to the length of backtime imposed. *See Smith v. Pennsylvania Board of Probation and Parole*, 574 A.2d 558, 560 (Pa. 1990) ("As long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment.").

Accordingly, we grant Counsel's Petition to Withdraw and affirm the Board's order.

_____
MICHAEL H. WOJCIK, Judge

12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

McKinley Clark,             :
                                 :
              Petitioner     :
                                 :
          v.                  :   No. 509 C.D. 2019
                                 :
Pennsylvania Board of Probation    :
and Parole,                    :
                                 :
            Respondent : 

# **O R D E R**

AND NOW, this 17th day of March, 2021, the Petition to Withdraw as Counsel filed by Victor Rauch, Esquire, and Owen W. Larrabee, Esquire, is GRANTED, and the order of the Pennsylvania Board of Probation and Parole dated April 10, 2019, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge