# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Antonio Edward Taylor, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 832 C.D. 2020 |
| | : | Submitted: January 15, 2021 |
| Pennsylvania Parole Board, | : | |
| | : | |
| Respondent | : | |

BEFORE:    HONORABLE P. KEVIN BROBSON, President Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                FILED: July 19, 2021

          Antonio Edward Taylor (Taylor), an inmate at the State Correctional Institution (SCI) at Mahanoy, petitions for review of an order of the Pennsylvania Parole Board (Board) that denied his request for administrative review following a Board recommitment order. The Board recommitted Taylor as a convicted parole violator (CPV) to serve 24 months' backtime and granted him partial credit for the time that he spent at liberty on parole. Taylor contends that the Board failed to articulate with reasonable clarity its reason for awarding him partial credit, instead of full credit, for the time that he spent at liberty on parole. For the following reasons, we affirm the Board's order.

          On March 30, 2009, Taylor pleaded guilty to two counts of drug manufacture, sale, or delivery with the intent to deliver or possession with the intent

to deliver drugs before the Delaware County Court of Common Pleas. Certified Record (C.R.) at 1. He received a total sentence of 3 to 10 years in an SCI. *Id.* At that time, his minimum sentence date was March 20, 2012, and his maximum sentence date was March 20, 2019. *Id.*

On November 3, 2010, Taylor was released on parole from a motivational boot camp to a community corrections facility in Chester, Pennsylvania. C.R. at 6-7. In 2012, he moved to a residence in Philadelphia, Pennsylvania. *Id.* at 16. He has been supervised by the West Philadelphia probation and parole office since that time. *Id.*

In 2015, Taylor pleaded guilty to unauthorized use of an access device (credit card) in the Montgomery County Court of Common Pleas and was sentenced to 5 years of probation and 60 hours of community service. C.R. at 16. The Board did not pursue parole revocation charges regarding his new conviction. In 2017, Taylor was sentenced to 3 to 12 months' confinement for probation violations related to his 2015 Montgomery County conviction. *Id.* The Board again chose not to pursue parole revocation charges related to the Montgomery County case.

On July 18, 2018, Taylor was arrested in Philadelphia for possession of a firearm by a person prohibited to be licensed, carrying a firearm without a license, carrying a firearm in public, criminal mischief, and several theft-related charges, and he was confined in the Philadelphia County Prison pending disposition of the new criminal charges.[1] C.R. at 16, 34. On August 19, 2019, Taylor entered a guilty plea to the charge of possession of a firearm by a person prohibited to be licensed, pursuant to Section 6105(a)(1) of the Pennsylvania Uniform Firearms Act of 1995, 18 Pa. C.S. §6105(a)(1). *Id.* at 28. The remaining charges were *nolle prossed*. *Id.*

---

[1] Taylor did not post bail on the new criminal charges. C.R. at 34, 71.

2

Taylor was sentenced to confinement equaling 11 months, 15 days to 23 months and a consecutive 2-year term of probation. *Id.* He was credited for time served and granted immediate parole. *Id.*

The Board issued a detainer warrant on August 20, 2019, due to the firearm conviction. C.R. at 30. Taylor received notice of the parole revocation charges and the right to a revocation hearing before the Board. *Id.* at 39. He waived his right to a panel hearing and proceeded to a revocation hearing, with counsel, before a hearing examiner. *Id.* at 39-43.

At the hearing, Taylor acknowledged his conviction on the firearm charge. Hearing Transcript (H.T.) at 8; C.R. at 50. He testified that he worked at night and used the gun for protection, and that he knew that it was wrong to have the gun. H.T. at 9; C.R. at 51. Taylor was asked by his counsel whether he had prior violations while on parole, and he conceded to a conviction involving unauthorized use of a credit card in 2015 and a technical parole violation regarding his use of marijuana and Oxycodone in 2017. H.T. at 11-12; C.R. at 53-54. Taylor further testified that he had resided with his grandmother while on parole, and when she died in 2016, his family allowed him to remain in her home. H.T. at 9; C.R. at 51. He stated that he has a job, pays the mortgage on the property, and maintains the house. H.T. at 10; C.R. at 52. He also stated that he is involved in the community, and that, every summer, he organizes a block party for the neighborhood children and donates money for their school supplies. *Id.*

Taylor's counsel argued that although Taylor committed a crime while on parole, it was not a crime of violence. He also pointed out that Taylor has been on parole for over eight years and has reported to his parole officer regularly over

3

those years. As such, Taylor's counsel argued that Taylor deserves to receive credit for at least a portion of his street time. H.T. at 11; C.R. at 53.

By decision mailed on February 11, 2020 (recorded on February 4, 2020), the Board recommitted Taylor as a CPV to serve 24 months' backtime in an SCI. C.R. at 69. In its discretion, the Board awarded him partial credit for the time that he spent at liberty on parole.[2] The Board's sole explanation for so doing was because the "CONVICTION INVOLVED POSSESSION OF A WEAPON." *Id.* Taylor's maximum sentence dated was recalculated to October 28, 2026. *Id.*

Taylor, through his current counsel, filed an administrative appeal, asserting that the Board "abused its discretion in failing to give appropriate street time credit." C.R. at 71. Taylor also wrote a letter to the Board on his own behalf asking the Board to reconsider its decision to grant Taylor only partial street time credit. *Id.* at 74. He claimed that he spent almost eight years of his parole in good standing and, thus, sought credit for the full period of time he spent on parole.

The Board denied Taylor's administrative appeal in a response mailed on August 7, 2020. C.R. at 82-84. In its response, the Board first noted that the decision of whether to grant or deny credit to a CPV is a matter that is purely within the Board's discretion, and that it must articulate the basis for its decision. The Board explained that Taylor's new conviction involved possession of a firearm, and that this was an adequate reason for awarding Taylor partial credit. The Board next described its recalculation of Taylor's maximum date, explaining that when Taylor was paroled on November 3, 2010, he had 3,059 days remaining on his original sentence. The Board awarded him credit from that date to January 10, 2012, for a total of 433 days of credit. *Id.* at 83. The Board noted that it selected January 10,

---

[2] The length of time awarded is not listed in the Board's decision, but is in the accompanying Order to Recommit. C.R. at 67.

4

2012, because that was the date of Taylor's first reported parole sanction. *Id.* Subtracting 433 days of credit from the 3,059 days remaining on his original sentence left Taylor with 2,626 days remaining on his original sentence. *Id.* Service of Taylor's original sentence began on August 20, 2019, the date that the Board lodged its detainer warrant.[3] Adding 2,626 days to that date yielded a recalculated maximum sentence date of October 28, 2026.

Taylor now appeals to this Court,[4] raising one issue. He claims that the Board abused its discretion in failing to give him credit for all of the time that he was at liberty on parole in good standing. He asserts that the Board failed to articulate a reason for denying him full credit, rendering its determination completely arbitrary. Instead, he claims that the Board merely referenced that his new conviction was for a firearm offense and awarded him partial credit for 433 days without further elucidation.

The Board responds that it did provide a sufficient reason for awarding Taylor partial credit. The Board notes that its reason does not have to be extensive and that a single sentence can suffice. The Board explains that its reason that the new conviction involved the possession of a weapon is an adequate reason to deny credit. Thus, it claims no error has been established.

In *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017), the Pennsylvania Supreme Court held that "the Board must provide a contemporaneous statement explaining its reason for denying a CPV credit for time

---

[3] Taylor had been paroled from his new conviction the day before. Thus, he was detained solely on the Board's warrant on August 19, 2019.

[4] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *McCloud v. Pennsylvania Board of Probation and Parole*, 834 A.2d 1210, 1212 n.6 (Pa. Cmwlth. 2003).

spent at liberty on parole." *Id.* at 475 (footnote omitted). The Board abuses its discretion when it denies a parolee "credit without conducting any individual assessment of the facts and circumstances surrounding his parole revocation." *Id.* at 474. However, "the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12.

The Board is correct that this Court has held that possession of a weapon is a sufficient reason for denying credit for the time spent at liberty on parole. *See Hayward v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1735 C.D. 2017, filed July 18, 2018), slip op. at 5 (deeming "conviction involved possession of a weapon" a sufficient reason under *Pittman*).[5] However, in this case, the parolee is not merely challenging the Board's discretion to deny credit. Taylor's complaint is that the Board exercised its discretion to award him partial credit, but provided no reason for determining that 433 days was an appropriate amount of credit to award, when he had been on parole for approximately 8 years. He argues that the Board's reference to his new conviction, without any discussion of the facts of his case, results in a "totally arbitrary" award that is not amenable to appellate review.

Inexplicitly, in the argument portion of their briefs, neither Taylor nor the Board address the fact that the reason for the Board awarding 433 days of credit is contained in the record, and explained in the Board's response to Taylor's administrative appeal. In his recitation of the facts, Taylor recounts the statement in the Board's recommitment order that granted him partial credit from his release date of November 3, 2010, to his first parole sanction date of January 10, 2012, *see* C.R.

---

[5] *See* Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a) ("Parties may . . . cite an unreported panel decision of this Court issued after January 15, 2008, for its persuasive value, but not as binding precedent.").

6

at 68, yet he fails to acknowledge that this information was also included in the Board's response to his administrative appeal. Petitioner's brief at 7-8.[6]

The record evidence is as follows. In the hearing report, the hearing examiner recommended that Taylor receive partial credit "due to his extensive period of supervision (almost 8 years under supervision)." C.R. at 59. The hearing examiner suggested that Taylor "should be given credit for the time period from his release date of 11/3/2010 up to his first listed sanction of 1/10/2012 [and that he] should forfeit th[e] remaining period due to the serious nature of the firearm[] conviction." *Id.* The hearing examiner's recommendation is consistent with Taylor's parole supervision record, which establishes that on January 10, 2012, Taylor received a written warning and increased reporting requirements, due to a positive drug test. *Id.* at 17.

In its decision, the Board limited its explanation for awarding partial credit to the fact that the "conviction involved possession of a weapon." C.R. at 69. However, in response to Taylor's administrative appeal, the Board provided a more detailed explanation, *i.e.*, that the "partial credit [was] for the time spent at liberty on parole from the date of parole on November 3, 2010[,] to the date of the first reported sanction on January 10, 2012, for a total of 433 days of credit." C.R. at 83.

The administrative response adequately states the reason why the Board limited the grant of credit to 433 days. As such, we reject Taylor's claim that the Board failed to provide a contemporaneous statement explaining its reason for denying him full credit for the time he spent at liberty on parole, as required by

---

[6] In its recitation of the facts, the Board notes that the reason for the 433-day credit was addressed in the recommitment order and in its response to the administrative appeal. Board's brief at 8.

*Pittman*.  The Board's decision to grant partial credit was based on Taylor's parole supervision history[7] and, therefore, was not arbitrary.

For all of the above reasons, we affirm the Board's order.


_____
MICHAEL H. WOJCIK, Judge

---

[7] Taylor makes no claim that the Board's decision to limit the award of credit on the basis of his supervision history constituted error.  Thus, that issue is not before us.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antonio Edward Taylor,          :
                                      :
               Petitioner   :
                                        :
          v.                          : No. 832 C.D. 2020
                                        :
Pennsylvania Parole Board,    :
                                      :
              Respondent :

# **O R D E R**

AND NOW, this 19<u>th</u> day of <u>July</u>, 2021, the order of the Pennsylvania Parole Board, dated August 7, 2020, is hereby AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge