IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Louis Charles Bouie,              :
             Petitioner        :
                              :   No. 734 C.D. 2021
         v.                 :
                              :   Submitted: December 17, 2021
Pennsylvania Parole Board,    :
             Respondent     :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE ELLEN CEISLER, Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                       FILED: May 17, 2022

Louis Charles Bouie (Petitioner), proceeding *pro se*, petitions for review from the decision and order, dated May 18, 2021, of the Pennsylvania Parole Board (Board), which denied Petitioner's request for administrative relief and affirmed its March 12, 2020 decision that recommitted Petitioner as a convicted parole violator (CPV), awarded him credit for time spent at liberty on parole, and recalculated his maximum sentence date to account for the unexpired term of his original sentence. Petitioner contends that the Board erred in recommitting him as a CPV after he had already completed his original maximum sentence date and, further, in calculating his new maximum sentence date. We affirm the Board's decision and order in part, but vacate in part, and remand to the Board to recalculate Petitioner's new maximum sentence date.

On August 30, 2009, Petitioner pled guilty to the crime of robbery, and a court of common pleas sentenced him to 5 to 10 years' incarceration. At this point, Petitioner's maximum sentence date was calculated as September 19, 2018. (Certified Record (C.R.) at 1.)

On June 3, 2013, the Board granted Petitioner parole and he was released on parole on September 23, 2013, at which point 1,822 days (approximately 5 years) remained on his original sentence. After serving years on parole, Petitioner was arrested for a variety of drug-related offenses, and, on August 8, 2018, the Board issued a warrant to commit and detain Petitioner for violating parole. On September 17, 2018, Petitioner posted bail on the criminal charges; however, he remained incarcerated on the Board's warrant to commit and detain until September 19, 2018—the expiration of his original maximum sentence date. Consequently, at this point, the Board lifted its warrant to commit and detain, and Petitioner was released on bail. (C.R. at 11-26, 36, 93.)

Thereafter, on August 27, 2019, a court of common pleas, after conducting a bench trial, found Petitioner guilty of 8 counts of drug-related offenses, and sentenced him to an aggregate term of 5 to 10 years' imprisonment on October 29, 2019. The Board then issued another warrant to commit and detain Petitioner on November 5, 2019, and conducted a revocation hearing on December 27, 2019. By decision and order dated January 23, 2020, the Board revoked Petitioner's parole, recommitted him as a CPV, and awarded him 1,415 days of sentencing credit (approximately 3 years and 11 months) for the time spent at liberty on parole from September 23, 2013, to August 8, 2017,[1] and 2 days of credit for the period he was detained solely on the Board's

---

[1] *See* section 6138(a)(2.1) of the Prisons and Parole Code (Parole Code), 61 Pa.C.S. §6138(a)(2.1), added by the Act of July 5, 2012, P.L. 1050 (authorizing the Board, in its discretion, to award credit to a CPV for time spent at liberty on parole unless an enumerated exception applies).

2

warrant, from September 17, 2018, to September 19, 2018. In calculating Petitioner's new maximum sentence date, the Board added 405 days that it determined remained owing on his original sentence (1,822 days owed at the time of parole, minus the 1,417 days of sentencing credit) to arrive at a new maximum sentence date of December 14, 2020. By decision and order dated March 12, 2020, the Board officially recommitted Petitioner as a CPV and recalculated his new maximum sentence date as December 14, 2020. (C.R. at 40-49, 65, 89.)

Subsequently, Petitioner filed a request for administrative relief, which the Board denied in a decision and order dated May 18, 2021. (C.R. at 121-35, 136-39.) Petitioner then filed a petition for review in this Court.[2]

On appeal, Petitioner first argues that the Board erred in revoking his parole after he had completed the expiration of his original maximum sentence date on September 19, 2018. However, section 6138(a)(1) of the Parole Code, pertaining to CPVs, provides as follows:

> *A parolee* under the jurisdiction of the [B]oard released from a correctional facility *who*, *during the period of parole* or while delinquent on parole, *commits a crime* punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, *may* at the discretion of the [B]oard *be recommitted as a parole violator*.

61 Pa.C.S. §6138(a)(1) (emphasis added).

In interpreting this statutory section and its predecessor version which contained identical language, *see Penjuke v. Pennsylvania Board of Probation and*

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *McCloud v. Pennsylvania Board of Probation and Parole*, 834 A.2d 1210, 1212 n.6 (Pa. Cmwlth. 2003).

*Parole*, 203 A.3d 401, 405 (Pa. Cmwlth. 2019) (*en banc*), this Court has long held that "the Board retains jurisdiction to recommit a parolee convicted of a crime committed while on parole even after the expiration of an original maximum sentence." *Adams v. Pennsylvania Board of Probation and Parole*, 885 A.2d 1121, 1124 (Pa. Cmwlth. 2004); *see Price v. Pennsylvania Board of Probation and Parole*, 117 A.3d 362, 366 (Pa. Cmwlth. 2015) ("There is no doubt that the Board can recommit and recompute the sentence of a parolee who commits a crime while on parole but is not convicted until after his original sentence would have expired.") (internal citation omitted); *accord Moore v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1568 C.D. 2019, filed December 10, 2020) (unreported), slip op. at 7 ("[I]t is well settled that the Board has jurisdiction to recommit a parolee after the expiration of his maximum sentence date for crimes committed while he was still on parole.").[3] Here, it is undisputed that Petitioner committed crimes while he was on parole and was later convicted of those crimes. Therefore, we conclude that the Board did not err in revoking Petitioner's parole and recommitting him as a CPV, even though Petitioner was not convicted of the crimes until after his original maximum sentence date had expired.

Next, Petitioner asserts that the Board abused its discretion in recalculating his new maximum sentence date. According to Petitioner, the 405 days that the Board added in its recalculation to extend the maximum of his original sentence date from November 5, 2019, to December 14, 2020, "was not [for] time spent at liberty on parole but [for time that] was served in jail." Pet'r Br. at 7.

In response, the Board contends that Petitioner owes 405 days on his original sentence because he was not granted sentencing credit as a CPV for this period

---

[3] We cite *Moore,* an unreported decision, for its persuasive value in accordance with section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

4

of time while at liberty on parole.[4]  However, the Board maintains that it erred in calculating the 405 days and submits that this amount should have been added to January 23, 2020, the date the Board decided to revoke parole and, thus, the correct maximum sentencing date should be March 3, 2021.  In this regard, the Board requests a remand to issue a decision that accurately reflects Petitioner's new maximum sentence date.

Given the Board's concession that it had erred, and the possibility that its previous calculation of Petitioner's new maximum sentence date could have affected— or will affect—his future parole eligibility and sentencing credit for his most recent convictions, we believe the most prudent course of action is to remand to the Board to issue a decision along with an explanation as to how it arrived at its numerical calculation.[5]  If Petitioner is dissatisfied with the Board's decision, he could then petition for review in this Court.

---

[4] *See* section 6138(a)(2) of the Parole Code, 61 Pa.C.S. §6138(a)(2) (stating that, absent a discretionary award of sentencing credit, a CPV may be ordered "to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted"); *see also supra* note 1.

[5] In light of the fact that the Board's recalculation of Petitioner's maximum sentence date could result in an adverse or detrimental effect on Petitioner's current incarceration and future parole eligibility, we decline to dismiss this case as moot on the ground that the previously calculated—and now proposed— original maximum sentence date has expired.  *See Mesko v. Pennsylvania Board of Probation and Parole*, 245 A.3d 1174, 1178 n.5 (Pa. Cmwlth. 2021) ("[The petitioner] is still serving a sentence on the new charges and the issues raised in the present matter may affect his new maximum date on those charges in later proceedings, so this matter is not rendered moot.").

Accordingly, we affirm the Board's order revoking Petitioner's parole and recommitting him as a CPV. We remand with instruction that the Board issue a decision that accounts for the unexpired term of Petitioner's original sentence and provides a legal explanation for its arithmetic and basis for recalculating Petitioner's maximum sentence date.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Louis Charles Bouie,           :
          Petitioner        :
                             :   No. 734 C.D. 2021
          v.                 :
                             :
Pennsylvania Parole Board,    :
          Respondent    :

## *<u>ORDER</u>*

AND NOW, this 17th day of May, 2022, the May 18, 2021 decision and order of the Pennsylvania Parole Board (Board) is hereby affirmed in part and vacated in part. The case is remanded to the Board to issue a decision in accordance with the attached opinion.

Jurisdiction relinquished.

_____
PATRICIA A. McCULLOUGH, Judge